UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5496-DMG (JPRx)** | Date | July 10, 2018 |
|---|---|---|---|

| Title | *C&S Patent and Law Office v. Bank of America, N.A.* | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION [4]**

## I.
## PROCEDURAL HISTORY

On June 20, 2018, Plaintiff C&S Patent and Law Office filed a Complaint against Defendant Bank of America, N.A. for the recovery of money under California Civil Code sections 2223 and 2224 [Doc. # 1], along with an *Ex Parte* Application for a Temporary Restraining Order ("TRO") and an Order to Show Cause re Preliminary Injunction. [Doc. # 4.] On June 27, 2018, the Court granted Plaintiff's *Ex Parte* Application and issued an Order to Show Cause ("OSC") why Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert or participating with Defendant or those other persons, should not be preliminarily restrained and enjoined pending trial of this action from allowing the transfer of any money out of Defendant's Account Nos. 1941 or 0516 (collectively, "Identified Accounts") or any other accounts that have received funds from the Identified Accounts ("Other Accounts").[1] [Doc. # 17 at 4.] The Court also issued a temporary restraining order to that effect pending the hearing on the OSC. *Id.*

On July 3, 2018, Defendant filed a "Partial Opposition to Plaintiff's Application for a Preliminary Injunction and Response to OSC."[2] [Doc. # 22.] In the July 3rd Partial Opposition, Defendant states that it does not oppose Plaintiff's request for preliminary injunctive relief insofar as it bars disbursements from the Identified Accounts. *See id.* at 1–2. Nonetheless, Defendant opposes Plaintiff's request for an order barring the transfer of funds out of Other

---

[1] The account numbers have been redacted except for the last four digits.

[2] Hours after the Court issued the OSC, Defendant filed a "Partial Opposition to *Ex Parte* Application for a Temporary Restraining Order." [Doc. # 18.] Because Defendant's July 3, 2018 "Partial Opposition" repeats verbatim the arguments it made in its prior filing and adds several new contentions, the remainder of this Order shall refer primarily to the "July 3rd Partial Opposition."

Accounts. *Id.* at 2. On July 6, 2018, Plaintiff filed a reply that offers to modify the request for injunctive relief to address the issues Defendant identifies in its July 3rd Partial Opposition. [Doc. # 23.]

On July 10, 2018, the Court held a hearing on the OSC. For the reasons discussed below, the Court **GRANTS** Plaintiff's request for a preliminary injunction, as modified by the proposal in its reply brief and the parties' oral stipulation at the hearing on the OSC.

## II.
## DISCUSSION[3]

Defendant offers essentially two reasons for opposing Plaintiff's request for an order barring the transfer of funds out of the Other Accounts: it is "unduly time-consuming and difficult—if not impossible—to trace transfers from the two [Identified Accounts] to other . . . accounts at Defendant[,]" and "innocent" third party transferees may be prejudiced by such an order. *See* July 3rd Partial Opp'n at 2–3. Defendant further contends that it cannot disclose to Plaintiff bank records concerning the Identified or Other Accounts because revealing such information would violate California laws that protect confidential customer information.[4] *See id.* at 3–4. Additionally, Defendant claims that if the Court enjoins Defendant from allowing funds to be transferred from the Other Accounts, then a bond of at least $1,587,996.70 is appropriate because that is the approximate amount that Plaintiff ultimately seeks to recoup and holders of Other Accounts may be "affect[ed]" by the preliminary injunction. *See id.* at 4.

Since Defendant failed to submit *any* evidence in connection with its June 27, 2018 or July 3, 2018 Partial Oppositions, a threshold issue is whether disclosing such information would violate the privacy rights of Defendant's customers. Defendant relies upon *Valley Bank of Nevada v. Superior Court of San Joaquin County*, 15 Cal. 3d 652 (1975), for the proposition that it cannot produce account statements relating to the Identified or Other Accounts "except and until in response to appropriate discovery and only after the necessary notice to any

---

[3] This Order incorporates by reference the legal standard and factual summary included in the OSC. *See* OSC at 1–2.

[4] Defendant also argues in passing that the Gramm-Leach-Bliley Act "specifically requires financial institutions to protect the confidentiality of their customers' non-public personal and private financial information." *See* July 3rd Partial Opp'n at 3–4. The Act permits Defendant to disclose, however, nonpublic personal information "to protect against or prevent actual or potential fraud, unauthorized transactions, claims, or other liability[.]" *See* 15 U.S.C. § 6802(e)(3)(B). Therefore, the Act does not preclude Defendant from sharing such information with Plaintiff.

party/account holder." *See* July 3rd Partial Opp'n at 3 (citing *Valley Bank*, 15 Cal. 3d at 656, 658). The Court agrees that California law requires Defendant to "take reasonable steps to notify its customer of the pendency and nature of the proceedings and afford the customer a fair opportunity to assert his interests" before "confidential customer information may be disclosed in the course of civil discovery proceedings[.]" *See Valley Bank*, 15 Cal. 3d at 658. Yet, Defendant does not even argue—let alone establish—that revealing information at a *high level of generality* (*e.g.*, whether the Identified Accounts contain at least the amount Plaintiff intends to recover) would trigger *Valley Bank*'s requirement that the customer be provided with notice and an opportunity to be heard prior to disclosure. *Valley Bank* did not purport to announce a definition of "confidential consumer information" broad enough to encompass such general, anonymized information. *See Valley Bank*, 15 Cal. 3d at 655 (involving a discovery request for "all records of any banking relationships with the Teamsters Union and/or any casino owned, operated or mortgaged to the Teamsters Union"); *cf.* 15 U.S.C. § 6809(4)(A) (providing that an essential element of "nonpublic personal information" is that it is "personally identifiable"). In fact, *Valley Bank* acknowledged that "certain procedural devices" could be employed to protect a customer's interest in confidentiality, including the "deletion of the customer's name." *See Valley Bank*, 15 Cal. 3d at 658.

In an attempt to "craft a narrowly-tailored preliminary injunction" to address Defendant's concerns, Plaintiff's attorney asked Defense Counsel for precisely the sort of generalized information that would not invoke *Valley Bank*'s protections. *See* Maio Decl. at ¶ 2 [Doc. # 23-1]. Defense Counsel rejected Plaintiff's proposal that "Defendant provide redacted documents at least showing the dates and amounts of any transactions[.]" *See id.* Defense Counsel also would not confirm whether his client could "conduct its own investigation of the transaction history and discuss its findings in general terms with Plaintiff's counsel." *See id.* Instead, Defense Counsel concluded the parties' discussion on this topic by stating that "[n]othing will be produced absent appropriate discovery." *See id.* at ¶ 4; Maio Decl., Ex. A at 2 (email correspondence) [Doc. # 23-2]. Therefore, it appears that Defendant's unwillingness to divulge *any* information—and not Defendant's interest in protecting its customer's legitimate privacy rights—accounts for its failure to provide any evidence supporting its Partial Opposition.

It follows that Defendant's assertions of undue burden in tracing the Identified Accounts' transactions and prejudice to unknown third parties fail for lack of evidence. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 286 (N.D. Cal. 2015) ("[A]ttorney argument is not evidence on which the court can rely."). Moreover, the Court notes that even if an "innocent" third party received funds from the Identified Accounts, Plaintiff may still be entitled to recover that money. *See United States v. $4,224,958.57*, 392 F.3d 1002, 1004 (9th Cir. 2004) ("The *transferee* of the fraudster who gives no value for the property is in no better position than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5496-DMG (JPRx)** | Date | July 10, 2018 |
|---|---|---|---|
| Title | *C&S Patent and Law Office v. Bank of America, N.A.* | Page | 4 of 6 |

the fraudster[.]" (emphasis added) (citing, *inter alia*, Cal. Civ. Code §§ 2223, 2224)); *In re Goldberg*, 168 B.R. 382, 384 (9th Cir. B.A.P. 1994) ("The wrongful act giving rise to a constructive trust [under sections 2223 and 2224] *need not amount to fraud or intentional misrepresentation*. All that must be shown is that the acquisition of the property was wrongful and that the defendant's keeping of the property would constitute unjust enrichment." (emphasis added)); Cal. Civ. Code § 2224 ("One who gains a thing by fraud, *accident*, *mistake*, undue influence, the violation of a trust, or other wrongful act, is, *unless he or she has some other and better right thereto*, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (emphasis added)). The Court acknowledges that Plaintiff may not recover from a bona fide third party who provided value in exchange for funds originating from the Identified Accounts. *See In re Advent Mgmt. Corp.*, 178 B.R. 480, 488 (9th Cir. B.A.P. 1995) ("The beneficiary's interest in the constructive trust rest is cut off if the trust res is sold to a bona fide purchaser for value." (citing *Ehret v. Ichioka*, 247 Cal. App. 2d 637, 643 (1967))). In the absence of any evidence that such third parties exist, however, there is no basis to exclude the Other Accounts from the scope of the forthcoming preliminary injunction. Likewise, Defendant has failed to discharge its burden of showing that any bond is necessary to protect hypothetical "innocent" transferees, much less show that the entirety of the amount Plaintiff seeks is an appropriate bond amount. *See Philips Elecs. N. Am. Corp. v. Hope*, 631 F. Supp. 2d 705, 724 n.14 (M.D.N.C. 2009) ("The burden rests with [the defendant] to establish the amount of bond necessary to secure against the wrongful issuance of an injunction." (citing *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996))).

To mitigate any harm to Defendant or bona fide third parties, Plaintiff proposes certain modifications to the preliminary injunction. *See* Reply at 4–6. In order to minimize the administrative burden of tracing funds out of the Identified Accounts, Plaintiff proposes to limit the injunction to cover only transfers to Other Accounts that are at least $1,000 in the aggregate and that occurred on or after September 22, 2017 (*i.e.*, the date of the first fraudulent transfer). *See id.* at 5; Lee Decl. at ¶ 11 [Doc. # 1-3]. Plaintiff further proposes to exempt funds that had left Defendant's bank but were later transferred back to one of its accounts, unless that recipient account is "held by the fraudsters or persons known by Defendant to be affiliated with the fraudsters." *See* Reply at 5. Plaintiff also suggests creating a procedure by which certain third-party transferees are presumptively exempt from the order (*e.g.*, those whom Defendant reasonably believes provided consideration for the transfer and have "such good reputation that it is implausible that [they] acted in concert with the fraudsters") and the parties can meet-and-confer for the purpose of exempting other third-party transferees from the scope of the injunction. *See* Reply at 5–6. The proposed procedure would further require Defendant to provide notice to third-party transferees affected by the injunction, and allow Plaintiff, Defendant, or such third-party transferees to seek relief from the order on an *ex parte* basis. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5496-DMG (JPRx)** | Date | July 10, 2018 |
|---|---|---|---|
| Title | *C&S Patent and Law Office v. Bank of America, N.A.* | Page | 5 of 6 |

*id.* at 6. Additionally, Plaintiff requests an order requiring Defendant to provide "an anonymized, itemized" and partially redacted report concerning the accounts subject to the injunction and the accounts belonging to presumptively exempt third-party transferees. *See id.*

Plaintiff's proposals represent a reasonable, good-faith effort to accommodate Defendant's concerns. Moreover, Plaintiff's request for information regarding the Identified and Other Accounts is consistent with *Valley Bank* because such documents would not identify Defendants' customers and their account numbers would be partially redacted. *See id.* Accordingly, the Court accepts Plaintiff's proposals and includes them in its preliminary injunction. *See infra* Part III.

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's request for a preliminary injunction. Pending trial of this action or as further ordered by this Court, Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert or participating with Defendant or those other persons, are **RESTRAINED** and **ENJOINED** from allowing the transfer of any money out of Defendant's Account Nos. ending in 1941 or 0516 (the "Identified Accounts") or any other account that directly or indirectly received from the Identified Accounts funds of at least $1,000.00 (or equivalent funds of other denominations) in the aggregate, from and after September 22, 2017 ("Other Accounts"), subject to the following qualifications:

1. <u>Excluding External Transfers.</u> Other Accounts do not include any account that received a transfer of funds from a source outside of Defendant's systems (*e.g.*, from a bank not affiliated with Defendant) that can be traced to the Identified Accounts, unless Defendant believes in good faith that the holder of the account is a person involved in carrying out the fraud alleged in the Complaint in this action or is affiliated with or acting in concert with any such person (the "Wrongdoers");

2. <u>Exempting Bona Fide Third-Party Transfers.</u> Other Accounts do not include accounts that received transfers of funds from the Identified Accounts if Defendant believes in good faith that the transfer was made to a bona fide third party (*i.e.*, not one of the Wrongdoers) in exchange for value and: (a) the third party's account into which the transfer was made has been in existence at Defendant's bank since at least December 31, 2016, (b) the third party is well known and/or of such good reputation that it is implausible that the third party is a Wrongdoer, or (c) Plaintiff and Defendant have stipulated, pursuant to item 3 below, that the transfer is exempt from this Order; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-5496-DMG (JPRx)** | Date | July 10, 2018 |
|---|---|---|---|
| Title | *C&S Patent and Law Office v. Bank of America, N.A.* | Page | 6 of 6 |

3. <u>Procedure for Expeditious Relief.</u>  This Order applies to any Other Accounts that do not fall into an enumerated exclusion and/or exemption.  If an Other Account is held by a person whom Defendant believes in good faith is not a Wrongdoer, then Defendant shall provide such person with notice of the following:  this Order, the contact information for Plaintiff's counsel, and the fact that this Order can be modified to exempt that person's account if the person received funds pursuant to a bona fide transfer for value.  Plaintiff and Defendant are **ORDERED** to cooperate in good faith with each other and with any such person in an effort to expeditiously investigate such matter and reach a stipulation exempting the account from this Order.  Plaintiff, Defendant, or any person affected by this Order may apply to the Court for relief on an *ex parte* basis.

Furthermore, the Court **ORDERS** Defendant to do the following **within ten (10) court days** of this Order:  Defendant shall serve on Plaintiff an anonymized, itemized report identifying (i) all funds and accounts subject to the Order, with account numbers (partially redacted except for the last four digits), transfer dates, transfer amounts, and amounts currently held; and (ii) for each account that received transfers of at least $1,000.00 in the aggregate that is exempt from this Order pursuant to clauses (a) or (b) of item 2 above, the account number (partially redacted except for the last four digits), the transfer date(s) and transfer amount(s). The report shall be accompanied by an attestation from an appropriate officer of Defendant as to the specific facts giving rise to the exemption(s) claimed for each account falling into category (ii).  This attestation shall describe such exempt third-party transferees with enough particularity to demonstrate the applicability of an exemption, although the document need not specifically identify the third-party transferees.

**IT IS SO ORDERED.**